UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARVIS BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-0623** |
| **JAMES LEBLANC, ET AL.** | **SECTION "A"(4)** |

## ORDER AND REASONS

Before the Court is petitioner Jarvis Brown's **Petition for Writ of Habeas Corpus Ad Testificandum (Rec. Doc. No. 14)**. Brown requests that the Court issue an order to have the respondent transfer him from his current location to the Orleans Justice Center and produce him for an evidentiary hearing before this Court in connection with his 28 U.S.C. § 2254 petition. The Court, however, has not scheduled an evidentiary hearing in this case, and Brown's request is at best premature.

An evidentiary hearing is not available to a § 2254 petitioner unless the petition meets the limited criteria set forth in 28 U.S.C. § 2254(e)(2).[1] *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). On initial review, Brown's claims are not of the types that would warrant an evidentiary hearing under the statute.

In addition, the respondents have not yet filed an opposition response to Brown's petition which at this time is due on September 9, 2020. Based on the limited record before the Court,

---

[1] 28 U.S.C. § 2254(e)(2) provides as follows:
(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
  (A) the claim relies on--
    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
  (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

including the nature of the claims asserted by Brown, it does not appear that an evidentiary hearing will be necessary in this case or that Brown's claims cannot be resolved on the pleadings and records.[2]  Accordingly,

      **IT IS ORDERED** that Brown's **Petition for Writ of Habeas Corpus Ad Testificandum (Rec. Doc. No. 14) is DENIED**.

      New Orleans, Louisiana this  10th  day of August, 2020.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2]Should he be inclined to ask, Brown also would have no right to appointment of counsel to assist with this non-capital federal habeas proceeding, unless the court later finds the evidentiary is necessary.  *See* Rule 8(c), Rules Governing § 2254 Cases; *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011); *see also*, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no constitutional right to counsel in habeas corpus proceedings); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004).  In addition, "[i]f the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel" under 18 U.S.C. § 3006A or 28 U.S.C. § 1915(e)(1).  *Jackson v. Warden, West Monroe City Jail*, No. 06-1425, 2006 WL 4041524, at *2 (citing *United States v. Vasquez*, 7 F.3d 81 (5th Cir. 1993)).