UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARVIS J. BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-0623** |
| **JAMES M. LEBLANC, ET AL.** | **SECTION "A"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

### I.    Factual and Procedural Background

Petitioner Jarvis Brown ("Brown"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On June 20, 2014, Brown and co-defendants Gerald Williams, Jamal Bartley, Tevin Henderson, and Michael Asuncion were charged in a nine count Bill of Information in Orleans Parish.[3] Brown specifically was charged with three counts of armed robbery (counts three, four, and five), one count of possession of marijuana (count six), and one count of unauthorized use of an access device card (count seven).[4]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] ECF No. 1

[3] St. Rec. Vol. 4 of 18, Bill of Information, 6/20/14.

[4] *Id*. Asuncion, Williams, and Henderson, eventually entered pleas of guilty to their respective charges. St. Rec. Vol. 1 of 18, Asuncion's Plea Minutes, 9/25/14; Williams's Pleas Minutes, 3/1/16; Williams's Sentencing Minutes, 3/4/16; Henderson's Plea Minutes, 7/18/16. Bartley was found guilty as charged after trial. St. Rec. Vol. 1 of 18, Bartley's Jury Verdict Minutes, 5/25/16; Bartley's Verdict Minutes, 7/15/16.

The record reflects that, on April 23, 2014, Michael Retif, was renovating a house on the corner of Harrison Avenue and Duplessis Street in the Lakeview neighborhood of New Orleans.[5] While working on the house, he noticed a green truck driving in circles around the block. Around 3:30 p.m., Retif was on a ladder scraping windows when he felt a tug on his pants pocket. When he looked around, Retif saw a young black man, later identified as Jarvis Brown, pointing a gun at him. Brown demanded his wallet. He then reached into Retif's pockets and removed his wallet and cell phone. After dropping the cell phone, Brown ran with the wallet in hand. He got into the passenger side of a green Chevrolet truck with Texas license plates, and the truck sped away. Retif called 911 to report the incident.

Between 3:30 p.m. and 4:00 p.m., Linda Hammerstein was sitting on the porch of her Porteous Street residence watching her dog and exchanging text messages with her sister. She noticed a green truck pass her residence and then back up very quickly. A man exited the passenger side of the truck and approached Hammerstein. He pointed a gun to her head and demanded her cell phone. After taking the phone, the man got back in the passenger side of the green truck, and it sped away. Hammerstein called 911 from her residence.

Around the same time, Kristina Fortier arrived at her home in the 6500 block of General Diaz Street with her two-year-old son and five-year-old daughter whom she had just picked up from school. As Fortier was removing her children from her vehicle, she saw an older model green truck speed down Porteous Street and turn onto her street. The truck quickly stopped. A black man wearing a bandana over part of his face exited the passenger side of the truck and ran towards Fortier and her children. While pointing a gun at them, the man demanded Fortier's purse. She

---

[5] The facts were taken from the published opinion of the Louisiana Fourth Circuit Court of Appeal on direct appeal. *State v. Brown*, 219 So.3d 518, 523-25 (La. App. 4th Cir. 2017); St. Rec. Vol. 6 of 18, 4th Cir. Opinion, 2016-KA-0965, pp. 3-7, 5/3/17.

2

threw her purse and keys towards him. In her purse were her wallet, cell phone, and several credit cards. The man gathered the items and ran back to the truck. As the truck drove away, Fortier noticed that it had a Texas license plate. Immediately thereafter, Fortier flagged down a passing motorist, who was already on the phone with the police reporting the robbery.

New Orleans Police Department ("NOPD") Detectives arrived at each scene to take information from the victims. Hammerstein was able to track her stolen iPhone which stopped moving around Iberville Street and Marais Street in New Orleans. Based on that information and descriptions from each of the victims, detectives found the unoccupied, green truck parked in the area of Iberville Street and North Villere Street. During their surveillance with the aid of other NOPD officers, three men, including Brown, approached the truck. The officers surrounded the truck after the men got in and ordered the men to get out. Brown was removed from the driver's seat and several cell phones and credit cards were recovered from his pockets. From inside the truck, officers seized two firearms (one in the front seat and one in the back seat), a camouflage hat, a red handkerchief, a black and white bandana, victim Retif's bank debit card (in the back seat), and a small amount of marijuana (in the front seat).

During the investigation, Fortier reported that, shortly after the robbery, an unauthorized charge for the purchase of gasoline was made on her stolen American Express credit card. An NOPD detective viewed the video surveillance tape from the gas station and recovered a copy of a receipt, which showed that $40.36 was charged on Fortier's American Express credit card to purchase gasoline. In addition, one of the gas station employees found Fortier's purse in a trash can and turned it over to police. Retif's wallet also was in the purse.

Per recommendations of a sanity commission, Brown was found competent to assist with his defense.[6] He also was granted leave to represent himself, assisted by stand-by counsel.[7] At the March 22, 2016, trial, the jury found Brown guilty as charged on the three armed robbery counts and the judge found him guilty of the misdemeanors counts of possession of marijuana and unauthorized use of credit card.[8]

At an April 15, 2016 hearing, the state trial court denied Brown's motion for new trial.[9] On April 22, 2016, the court sentenced Brown to serve concurrent terms, with credit for time served, of sixty (60) years in prison on each of the three armed robbery counts and six months in parish prison on each of the two misdemeanor counts.[10] The Court instructed that the felony sentences be served without benefit of parole, probation, or suspension of sentence.[11] The Court also denied Brown's motion to reconsider the sentence.[12]

On direct appeal to the Louisiana Fourth Circuit Court of Appeal, Brown's appointed counsel argued that the sentences of sixty (60) years was excessive for a first offender.[13] Brown filed *pro se* a supplemental brief asserting the following errors:[14] (1) ineffective assistance of counsel for failure to seek a reduction of bond in magistrate court and appear at the October 24, 2014, suppression hearing; (2) the state trial court erred by denying the motions to suppress the

---

[6] St. Rec. Vol. 1 of 18, Hearing Minutes, 9/11/14; St. Rec. Vol. 6 of 18, Psychiatric Evaluation, 11/5/15; Psychiatric Evaluation, 9/11/14.

[7] *Id*.

[8] St. Rec. Vol. 1 of 18, Jury Trial Minutes, 3/22/16; Judge Trial Minutes, 3/22/16; St. Rec. Vol. 14 of 18, Trial Transcript, 3/22/16; St. Rec. Vol. 15 of 18, Trial Transcript (continued), 3/22/16.

[9] St. Rec. Vol. 1 of 18, Minute Entry, 4/15/16; *see also*, St. Rec. Vol. 15 of 18, Sentencing Transcript, pp. 13-15, 4/22/18; St. Rec. Vol. 7 of 18, Motion for New Trial, 4/25/16.

[10] St. Rec. Vol. 1 of 18, Sentencing Minutes, 4/22/16; St. Rec. Vol. 15 of 18, Sentencing Transcript, 4/22/16.

[11] *Id*.

[12] St. Rec. Vol. 7 of 18, Motion to Reconsider Sentence, 4/25/16 (marked "Denied").

[13] St. Rec. Vol. 6 of 18, Appeal Brief, 2017-KA-0273, 7/25/17.

[14] St. Rec. Vol. 6 of 18, Pro Se Appeal Brief, 16-KA-0965, 12/27/16.

evidence and statement based on an unlawful warrantless arrest and illegal search and seizure; (3) prosecutorial misconduct for failing to turn over 911 call evidence; (4) the state trial court erred in denying the motion to suppress the suggestive and unreliable identification; (5) the conviction was based on insufficient circumstantial evidence; (6) state witnesses gave prior inconsistent statements and false testimony and the prosecutor made false statements to the jury; (7) the state trial court erred by denying his challenge for cause against a bias juror; (8) defendant did not get a continuance when new evidence was discovered during trial; and (9) he was prejudiced when he the jury was not instructed on mandatory sentencing for armed robbery with a firearm.

On May 3, 2017, the Louisiana Fourth Circuit affirmed the conviction, vacated the armed robbery sentences, and remanded for resentencing.[15] On its errors patent review, the Court found the armed robbery sentences to be indeterminate because the trial court failed to indicate whether the sentences included the mandatory five year weapons enhancement under La. Rev. Stat. Ann. § 14:64.3(A). Because of this, the Court found moot the excessive sentence claim asserted by counsel. The Court also found it harmless error that the bill of information failed to indicate the amount of funds misappropriated through the unauthorized credit card use. The Court also found no merit in the claims asserted by Brown.[16]

Brown sought review in the Louisiana Supreme Court of the denial of relief on nine of the ten claims addressed by the appellate court.[17] On June 1, 2018, the Louisiana Supreme Court

---

[15] *Brown*, 219 So.3d at 518; St. Rec. Vol. 6 of 18, 4th Cir. Opinion, 2016-KA-0965, 5/3/17.

[16] *Id.*

[17] St. Rec. Vol. 17 of 18, La. S. Ct. Writ Application, 17-KO-1145, 7/10/17 (dated 5/22/17); St. Rec. Vol. 6 of 18, La. S. Ct. Letter, 2017-KO-1145, 7/10/17. Brown did not include his sixth claim of inconsistent prior witness statements, false testimony, and prosecutor's false statements to the jury, in his Louisiana Supreme Court writ application. *See* St. Rec. Vol. 17 of 18, La. S. Ct. Writ Application, 17-KO-1145, p. 7, 7/10/17.

denied Brown's writ application without stated reasons.[18] The state trial court did not immediately resentence Brown as instructed by the Louisiana Fourth Circuit.

In November of 2018, Brown filed a motion seeking correction of his illegal sentence based, *inter alia*, on arguments similar to those asserted on direct appeal.[19] The state trial court denied the motion on December 5, 2018.[20] He did not seek review of this ruling.

On January 25, 2018, Brown filed a renewed motion to correct his sentence arguing that the bill of information was defective rendering his sentence illegal.[21] The state trial court denied the motion as meritless on January 28, 2019.[22] On April 4, 2019, the Louisiana Fourth Circuit summarily denied Brown's related writ application addressing the denial of his renewed motion to correct his sentence.[23]

Brown submitted a writ application to the Louisiana Supreme Court which challenged the denial of his motion asserting that the bill of information was defective.[24] This writ application was pending when Brown filed his federal habeas petition and denied after the State filed its opposition response.[25] In the October 14, 2020 ruling, the Louisiana Supreme Court held that the Louisiana Fourth Circuit erred as a matter of law on direct appeal in 2017 when it held Brown's sentences indeterminable and vacated the three armed robbery sentences.[26] The Court also noted

---

[18] *State v. Brown*, 243 So.3d 1061 (La. 2018); St. Rec. Vol. 17 of 18, La. S. Ct. Order, 2017-KO-1145, 6/1/18.

[19] St. Rec. Vol. 9 of 18, Motion to Correct Illegal Sentence, 12/5/18 (date "__ day of November, 2018) (filing dated obtained from St. Rec. Vol. 1 of 18, Docket Entry, 12/5/18).

[20] St. Rec. Vol. 1 of 18, Docket Entry, 12/5/18.

[21] St. Rec. Vol. 5 of 18, Renewed Motion to Correct an Illegal Sentence, stamped received 1/29/19 (dated 1/9/19); *see* St. Rec. Vol. 1 of 18, Docket Entry, 1/25/19 (showing filing date for this motion).

[22] St. Rec. Vol. 5 of 18, Trial Court Judgment, 1/28/19.

[23] St. Rec. Vol. 16 of 18, 4th Cir. Order, 2019-K-0202, 4/4/19; 4th Cir. Writ Application, 2019-K-0202, 3/6/19 (dated 1/30/19).

[24] St. Rec. Vol. 18 of 18, La. S. Ct. Writ Application, 19-KH-771, 5/15/19 (dated 4/8/19).

[25] *State v. Brown*, 302 So.2d 1109 (La. 2020).

[26] *Id*. at 1110.

that the record showed no evidence that Brown had been resentenced.[27] The Court remanded the matter "for the limited purpose of . . . the district court to resentence defendant, if it has not already done so, and to furnish this court with proof of compliance." *Id*. The state court docket reflects that Brown was resentenced on November 10, 2020, to serve concurrent terms of sixty (60) years in prison on each count, which included the mandatory five year weapons enhancement, without benefit of parole, probation, or suspension of sentence.[28] The state trial court has appointed counsel to appeal the new sentence on Brown's behalf.[29]

In the meantime, on March 4, 2019, Brown submitted an application for post-conviction relief to the state trial court asserting the following grounds for relief:[30] (1) because the bill of information included improper charges, the trial court had no jurisdiction and the convictions and sentences are illegal; (2) the evidence was insufficient to support the verdict; (3) pretrial and trial counsel were ineffective for failing to object to the bill of information, investigate witnesses and victims, be present for the identification line-up, provide correct advice for trial objections and appellate counsel was ineffective for failure to raise meritorious claims on appeal; (4) there was an unreasonable search and seizure without a warrant; (5) the identification process was unnecessarily suggestive; (6) failure to provide the defense with DNA and fingerprint evidence; (7) other crimes evidence was improperly introduced at trial; (8) he was denied the right to a fair and impartial jury when challenge for cause to a biased juror was denied; (9) prosecutorial misconduct occurred when the prosecutor speculated that Brown was the gunman, presented false

---

[27] *Id*.

[28] ECF No. 23-1, Docket Master, docket entry dated 11/10/20.

[29] *Id*., Docket Master, docket entry dated 12/10/20.

[30] St. Rec. Vol. 5 of 18, Post-Conviction Application and Memorandum in Support, 3/25/19 (dated 3/4/19). He submitted a duplicate of the application on July 26, 2019, with his status inquiry. St. Rec. Vol. 9 of 18, Application for Post-Conviction Relief, 7/26/19 (dated 3/4/19).

testimony from the police and victims, and involved the judicial officer in plea offers; (10) the state trial court refused to instruct the jury on mandatory sentencing; (11) the state court failed to suppress evidence of the 911 calls produced at the start of trial; (12) petitioner was prejudiced at sentencing by his pretrial refusal rejection of two plea offers; (13) the jury was not given all of the responsive verdicts; (14) the state trial court erred by denying the motion for new trial; (15) petitioner was incompetent to represent himself; and (16) the sentences imposed were excessive for first offender with potential for rehabilitation and because the bill of information was defective.

After receiving an opposition response from the State, on August 8, 2019, the state trial court denied Brown's application.[31] The Court held that claims two, four through six, eight through eleven, thirteen, and fourteen, were procedurally barred, because they were fully litigated on direct appeal and/or could have been raised on appeal and were not, citing La. Code Crim. P. art. 930.4(A) and (B), and the Louisiana Fourth Circuit's opinion on direct appeal. The court also alternatively found these claims and Brown's remaining claim numbers three, seven, twelve, fifteen, and sixteen to be meritless. The record contains no indication that Brown sought review of this ruling.

## II.    Federal Petition

On February 14, 2020, the clerk of this Court filed Brown's federal habeas petition in which he asserted the following claims:[32] (1) The bill of information was defective; (2) he received ineffective assistance of trial and appellate counsel; (3) the identification procedure was suggestive and done without petitioner's counsel being present; (4) the search and seizure were unreasonable and without probable cause; (5) the evidence was insufficient to support the verdict; (6) the

---

[31] St. Rec. Vol. 9 of 18, Trial Court Judgment,, 8/8/19; St. Rec. Vol. 4 of 18, State's Opposition, 4/15/19.
[32] ECF Nos. 1, 1-1.

prosecutorial, judicial, and police misconduct complained of led to his conviction; (7) he was denied the right to an impartial jury when a bias juror was not removed; (8) he was not competent to represent himself because of mental health issues; (9) he was prejudiced by his pretrial rejection of plea bargain offers; (10) the state trial court erred in denying his request to instruct the jury on mandatory sentencing; (11) the state trial court erred in not giving the jury all available responsive verdicts; (12) the sentences imposed were excessive and illegal; (13) he should be granted a new trial based on the errors of the state trial court, assistant district attorneys, and witnesses for the State; and (14) the State had no fingerprint and DNA evidence to link petitioner to the crimes.

The State filed a response in opposition to Brown's petition conceding that the petition was timely filed. The State also urges that Brown's petition contains a mix of claims exhausted on state court review (numbers 3 through 7, 10, and 12) and unexhausted (numbers 1, 2, 8, 9, 11, 13, 14), with most of the unexhausted claims now in technical procedural default. The State noted that Brown's first claim would be exhausted when the Louisiana Supreme Court issued its ruling in the pending Writ No. 19-KH-771. The State also asserts that, should the Court consider them, the exhausted claims are without merit. Brown has not filed a reply to the State's opposition despite having been given an opportunity to do so.

## IV. **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[33] applies to Brown's petition, which is deemed filed in this Court no later than

---

[33]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

January 31, 2020.[34] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State concedes the timely filing of this petition. The Court also notes that, as discussed above, Brown was recently resentenced and has been appointed counsel to appeal his resentencing. Therefore, with no state court sentencing judgment in place on the three armed robbery convictions, his convictions and sentences are not yet final for purposes of federal review. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (the AEDPA limitations period "did not begin until both his conviction and sentence became final by the conclusion of direct review or the expiration of the time for seeking such review."). Timeliness of this habeas petition is not at issue.

Most relevant here, the State argues that state court review of Brown's claims was not fully exhausted and that failure potentially defaulted some of the claims asserted in his federal petition. For the following reasons, Brown's petition should be dismissed for failure to exhaust state court review of all of his claims.

V.     **Exhaustion Doctrine**

The State asserts that Brown exhausted review of several of his habeas claims initially asserted by him or his appointed counsel on direct appeal and that he failed to exhaust review of

---

[34]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after AEDPA's effective date submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Brown's petition was accompanied by his pauper application, which was certified on January 30, 2020, despite Brown's earlier dated signature. ECF No. 2. This is the earliest date on which he could have presented this package of documents to prison officials for mailing to a court.

the remaining claims. "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to *all* of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20) (emphasis added). The exhaustion requirement is satisfied when the substance of the federal habeas claims have been "fairly presented" to the highest state court in a procedurally proper manner. *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)) (emphasis added). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.* (citing *Nobles*, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

11

To exhaust review of his claims in the state courts, Brown must have fairly presented the same claims and legal theories he urges in this federal court to each of the state courts through to the Louisiana Supreme Court in a procedurally proper manner. The State argues and the record confirms that state court review of Brown's federal habeas Claim Nos. 3, 4, 5, 6, 7, 10, and 12 was exhausted on direct appeal and subsequent writ review by the Louisiana Supreme Court. Review of Brown's Claim No. 1 was exhausted by the Louisiana Supreme Court's October 14, 2020 ruling on Writ No. 19-KH-771. Thus, state court review of each of these claims has been exhausted.

The record also reflects, however, that while Brown raised his remaining claims in his 2019 state post-conviction application, he did not seek review of the state trial court's August 8, 2019, judgment denying relief. He therefore has not given the Louisiana Fourth Circuit or the Louisiana Supreme Court an opportunity to review Claim Nos. 2, 8, 9, 11, 13, and 14 in his federal petition.

For this reason, Brown has not fairly presented these claims to the Louisiana courts for purposes of exhaustion before pursuing federal habeas corpus relief. Brown's petition is considered a "mixed" petition, containing both exhausted and unexhausted claims. The Supreme Court has long required that even a "mixed petition" be dismissed without prejudice to allow for complete exhaustion. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose*, 455 U.S. at 510); *see also*, *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).

In *Pliler*, the Supreme Court also recognized that, as an alternative to dismissal, the petitioner may amend or resubmit the petition to pursue only properly exhausted claims in the federal district court. *Id.*, 542 U.S. at 230-31. Thus, Brown could amend his habeas petition to dismiss the unexhausted claims and present *only* those claims deemed by the Court to have been properly exhausted. *Pliler*, 542 U.S. at 233; *Whitehead*, 157 F.3d at 387.

In addition, in *Pliler*, the Supreme Court also addressed the availability of a stay-and-abeyance for certain "mixed petitions" where good cause exists. *Id*. The Supreme Court has made clear, however, that stay-and-abeyance is an extraordinary remedy *not* to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in *limited* circumstances," and is appropriate *only* when the district court determines that there was "good cause" for the failure to exhaust. *Id*. at 277 (emphasis added).[35]

The record reveals no good cause for his Brown's failure to properly and fully exhaust review of all of his post-conviction claims, and there is none apparent from the record to warrant a stay. Furthermore, a stay of this proceeding would not serve the purpose of preserving federal review that may otherwise be procedurally restricted after Brown exhausts state court review. Brown is still pursuing review of his 2019 resentencing and the limitations for federal review has not yet begun to toll. Thus, Brown's federal petition should be dismissed without prejudice to allow him to fully and properly exhaust available state court review of all of his claims.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Brown's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[35] Stays also are improper when the unexhausted claims are "plainly meritless" or when the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*. at 277-78.

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[36]

New Orleans, Louisiana, this 26th day of January, 2021.

KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[36]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.